IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE NUTRAMAX COSAMIN MARKETING & SALES PRACTICES LITIGATION | ) ) ) ) ) Case No. 1:14-md-02498-JFM ALL ACTIONS |

## LOCAL RULE 104.7 CERTIFICATE

Pursuant to Local Rule 104.7, Defendants' counsel certifies as follows:

1.  On September 2, 2014, Plaintiffs served responses to each Defendant's Consolidated Interrogatories and Requests for Production of Documents ("RFPDs"), copies of which are attached to the Complaint.

2.  On September 26, 2014, my colleague, Matthew Hjortsberg, Esq., and I spent more than two hours on the phone with lead counsel for the Plaintiffs, Tommy O'Reardon, and counsel in the Florida class action, Ryan Casey, to discuss the parties' discovery disputes.

3.  On October 1, 2014, I sent a comprehensive email to Messrs. O'Reardon and Casey that summarized the September 26, 2014 call. I also affirmed the attorneys' agreement to delay any Local Rule 104.8 deadlines for serving a motion to compel, given the number and complexity of the issues that the parties were attempting to resolve.

4.  Several weeks later, on October 20, 2014, I sent an email to Mr. O'Reardon asking when he intended to respond to my October 1 summary email, to which Mr. O'Reardon responded that he planned to respond within a few days.

5.  On October 23, 2014, Mr. O'Reardon wrote to say that he was "still struggling through [my] emails. I'll think we'll be able to reach agreement on many things is the good news." He wrote that he would provide a response "ASAP."

6.  On December 3, 2014, having not yet received a response, I wrote to Mr. O'Reardon to ask when a response would be forthcoming because I was, "interested in resolving our concerns with the deficiencies with plaintiffs' responses to the defendants' discovery so that we can formulate a deposition and third-party discovery plan to start in early 2015."

7.  On December 31, 2014, Mr. O'Reardon emailed a comprehensive written response to my October 1 summary email, which confirmed the parties' agreement as to some of their disputes and the lack of a resolution of others.

8.  On January 8, 2015, I wrote to Mr. O'Reardon seeking clarification of a few points in his December 31, 2014 email. He responded shortly thereafter.

9. About six weeks then passed, during which counsel for the parties continued to communicate about the Defendants' responses to the Plaintiffs' discovery requests, Defendants made a supplemental document production, and Mr. O'Reardon suffered a severe leg injury that required multiple surgeries and rendered him home-bound for a significant period of time. During the same time, this Court's dismissal of the consolidated complaint against GNC in the companion Multi-District Litigation assigned to Your Honor was working its way through the Fourth Circuit.

10. On February 23, 2015, I served Plaintiffs' lead counsel, Mr. O'Reardon and his firm colleague, Timothy Blood, Esq., with Defendants' Motion to Compel Document Productions and Responses to Interrogatories ("Motion to Compel"), pursuant to the procedure set forth in Local Rule 104.8. The Motion to Compel is attached hereto as **Exhibit A**. Mr. O'Reardon requested additional time to respond beyond the 14-day deadline established by Local Rule 104.8, to which I agreed.

11. On Wednesday, March 25, 2015, I spoke on the phone with Mr. O'Reardon to meet and confer further about the discovery issues that we had yet to resolve and that were asserted in Defendants' Motion to Compel.

12. On Friday, March 27, 2015, Mr. O'Reardon emailed me and wrote, "[w]e're at an impasse about the medical information and will need to submit briefing to the Court on that issue, but I hope our compromises moot the remaining requests."

13. On May 4, 2015, I responded to Mr. O'Reardon's email, explaining that I was under the impression that Plaintiffs had planned to serve an opposition brief prior to our next meet and confer. I also wrote and explained why the remaining disputes that had been addressed in the Motion to Compel were not resolvable.

14. Following that communication, Plaintiffs served their Opposition to Defendants' Motion to Compel Document Production and Responses to Interrogatories ("Opposition") on June 3, 2015. The Opposition is attached hereto as **Exhibit B**.

15. Defendants' Reply Memorandum in Support of Motion to Compel Document Production and Responses to Interrogatories ("Reply") was served on July 13, 2015. The Reply is attached hereto as **Exhibit C**.

16. Below is an itemization of issues requiring resolution by the Court. Defendants request complete responses, including a complete production of documents, responsive to each of the following discovery requests:

- The Medical Information Discovery (Nutramax Interrogatories 7, 8, 9 and 18 and RFPDs 11, 12 and 23; Rite-Aid Interrogatory 17 and RFPD 7; and Wal-Mart RFPDs 18, 19, 20 and 21);

- Nutramax RFPDs 1, 7, 8, 10, 17, 18, 20, 21, 24 and 25; and Wal-Mart RFPDs 15 and 23; and

- Nutramax Interrogatories 1 and 14, as modified in the Reply.

Respectfully submitted,

/s/ Joshua A. Glikin
Joshua A. Glikin (#26852)
glikin@bowie-jensen.com
BOWIE & JENSEN, LLC
29 W. Susquehanna Ave., Suite 600
Towson, Maryland 21204
(410) 583-2400
Glikin@bowie-jensen.com

*Attorneys for Defendants Nutramax Laboratories, Inc., Rite Aid Corporation and Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2015, a copy of the foregoing Local Rule 104.7 Certificate was served via this Court CM/ECF system on:

> Timothy G. Blood
> Thomas J. O'Reardon, II
> 701 B Street, Suite 1700
> San Diego, CA 92101
> Tel: 619/338-1100
> 619/338-1101 (fax)
> tblood@bholaw.com
> toreardon@bholaw.com
> *Interim Lead Counsel*

          /s/ Joshua A. Glikin
          Joshua A. Glikin